Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL [1]

| JOSELINE SANTIAGO MÁRQUEZ<br><br>Parte Recurrida<br><br>v.<br><br>XPERT´S LLC antes XPERT´S INC.<br><br>Parte Peticionaria | TA2026CE00437 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Salinas<br><br>Caso núm.: GM2023CV01009<br><br>Sobre: Reclamación Laboral Sumaria (L.2); Despido Injustificado (L.80); Discrimen por Embarazo (L.3), (L.69); Pena Penalidad por Discrimen; (L.100); Ley 4-2017 Honorarios de Abogado (L.402) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 6 de mayo de 2026.

El 10 de abril de 2026, XPERT'S LLC antes XPERT'S INC., (Xpert's o la parte peticionaria) presentó ante nos un *Recurso de certiorari* y una *Solicitud urgente en auxilio de jurisdicción* en el que solicitó que revoquemos la *Resolución* emitida y notificada el 1 de abril de 2026 por el Tribunal de Primera Instancia, Sala Superior de Salinas (TPI o foro primario).[2]

En el aludido dictamen, el TPI declaró No Ha Lugar a la *Solicitud de desestimación por prescripción con relación a Ley Núm. 80 y Ley Núm. 115*, presentada por Xpert's con relación a la causa

---

[1] Véase DJ 2025-063A del 20 de abril de 2026.
[2] Entrada núm. 110 del caso núm. GM2023CV01009 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).

de acción instada por la señora Joseline Santiago Márquez (la señora Santiago Márquez o la recurrida).

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* solicitado a los fines de confirmar, en parte, y revocar, en parte, la *Resolución* recurrida y dejamos sin efecto la paralización de los procedimientos.

**I.**

El caso de epígrafe tiene su origen cuando el 13 de diciembre de 2023, la señora Santiago Márquez instó una *Querella*, bajo la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118, *et. seq* (Ley Núm. 2-1961), ante el foro primario, en la que sostuvo que, desde el 28 de agosto de 2017 hasta el 6 de mayo de 2019, laboró para la parte peticionaria.[3] Durante el tiempo en el que laboraba para Xpert's, la señora Santiago Márquez indicó que, advino en conocimiento de su estado de embarazo y, procedió a informárselo a su patrono. Empero, el 14 de febrero de 2019, radicó una *Querella* ante la Unidad Antidiscrimen adscrita al Departamento del Trabajo y Recursos Humanos en la que alegó que, la parte peticionaria no le quería pagar su tiempo de maternidad. Con ello, el 6 de mayo de 2019, le fue entregado un *warning*, con fecha del 23 de abril de 2019, en la que fue amonestada a raíz de diversas ausencias que tuvo durante su embarazo. En esa línea, la recurrida adujo que, los días previo al 6 de mayo de 2019, se ausentó por instrucciones médicas, las cuales fueron debidamente justificadas. Ante ello, señaló que, el patrono le informó que se iba a comunicar con ella para informarle cuando podía reincorporarse a laborar.

Tras diversos intentos en comunicarse con el patrono para incorporarse a laborar, logró regresar a laborar. No obstante, la

---

[3] Entrada núm. 1 del caso núm. GM2023CV01009 en el SUMAC.

peticionaria aseveró que, el día en que volvió a laborar fue cesanteada sin justa causa. Por tanto, el 5 de noviembre de 2019, la recurrida decidió presentar ante la Unidad Antidiscrimen, una *Querella* sobre discrimen por razón de embarazo en el empleo.

Luego de varios trámites, el 22 de julio de 2022, la Unidad Antidiscrimen determinó causa probable sobre discrimen en el empleo. Sin embargo, el representante legal de la recurrida solicitó un permiso para presentar una causa de acción ante el TPI sobre despido injustificado y discrimen. Así, el 13 de diciembre de 2022, notificada el 19 de diciembre de 2022, la Unidad Antidiscrimen autorizó el permiso para que pleito se ventilara en un foro judicial. Por ende, solicitó que, el TPI ordenara que fuese compensada en honorarios de abogados y recibiera la correspondiente mesada.

Luego, el 29 de diciembre de 2023, la parte peticionaria radicó una *Contestación a la querella* en la que, negó en su mayoría las alegaciones en la *Demanda*.[4] La parte peticionaria alegó que, la señora Santiago Márquez abandonó el empleo luego de recibir la paga de maternidad y disfrutar de su tiempo de maternidad. Asimismo, arguyó que esta no fue despedida y fue sujeta de varias sanciones por ausentarse sin notificar a su patrono. Asimismo, adujo que las ausencias de la recurrida no eran por asuntos relacionados al embarazo. Sostuvo que, esta no fue objeto de discrimen por embarazo. Por otro lado, mencionó que, la causa de acción estaba total o parcialmente prescrita.

Tras diversos incidentes procesales, el 5 de febrero de 2026, la parte peticionaria presentó una *Solicitud de desestimación por prescripción con relación a la Ley Núm. 80 y la Ley Núm. 115* en la que argumentó que, a partir del 6 de mayo de 2019, la recurrida tenía un (1) año para instar una acción de despido injustificado.[5]

---

[4] Entrada núm. 8 del caso núm. GM2023CV01009 en el SUMAC.
[5] Entrada núm. 98 del caso núm. GM2023CV01009 en el SUMAC.

Igualmente, la señora Santiago Márquez tenía un término de tres (3) años al amparo del Art. 2 de la *Ley contra el despido injusto o represalias a todo empleado por ofrecer testimonio ante un foro legislativo, administrativo o judicial*, Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, 29 LPRA sec. 194b (Ley Núm. 115-1991) para instar una causa de acción ante un alegado despido injustificado. Ante este cuadro, sostuvo que, los términos comenzaron a decursar nuevamente desde la fecha en que la recurrida instó la *Querella* ante la Unidad Antidiscrimen. Por ende, la recurrida no continuó interrumpiendo el término prescriptivo y, por tanto, no radicó a tenor con los términos estatutarios la *Querella* sobre despido injustificado. Consecuentemente, solicitó que, el TPI desestimara la *Querella* instada por la recurrida ante el foro primario.

En respuesta, el 26 de febrero de 2026, la señora Santiago Márquez presentó una *Oposición a moción de desestimación radicada por la parte querellada Xpert's LLC* en la que indicó que, la parte peticionaria no había invocado previamente la defensa de prescripción y, por ende, produjo el efecto de renunciarla.[6] Por otro lado, el presentar la *Querella* ante la Unidad Antidiscrimen tuvo como consecuencia congelar los términos para que no continuaran decursando. Además, adujo que, la *Querella* fue presentada dentro del término de un año (1) desde que fue notificada que podía litigar el caso ante un foro judicial. Por tanto, solicitó que el foro primario no desestimara la *Querella*.

Así las cosas, el 1 de abril de 2026, el TPI emitió y notificó una *Resolución* en la que declaró No Ha Lugar a la *Solicitud de desestimación por prescripción con relación a la Ley Núm. 80 y la Ley Núm. 115* dado que la parte peticionaria no levantó la defensa de

---

[6] Entrada núm. 100 del caso núm. GM2023CV01009 en el SUMAC.

prescripción en su alegación responsiva.[7]  A su vez, señaló para el día 20 de abril de 2026 una vista para iniciar el juicio en su fondo.

Inconforme, el 10 de abril de 2026, presentó una *Solicitud urgente en auxilio de jurisdicción* y un *Recurso de certiorari* en el que formuló los siguientes señalamientos de error:

> Primer error: Erró y abusó de su discreción el Tribunal de Primera Instancia al concluir que Xpert's renunció tácitamente a la defensa afirmativa de prescripción, a pesar de que dicha defensa fue expresamente alegada e incluida en su contestación a querella.

> Segundo error: Erró y abusó de su discreción el Tribunal de Primera Instancia al denegar la solicitud de desestimación presentada por Xpert's basándose exclusivamente en una supuesta renuncia tácita de la defensa afirmativa de prescripción, sin atender el hecho determinante de que las causas de acción de despido injustificado y represalias instadas por la querellante están claramente prescritas.

En igual fecha, emitimos una *Resolución* en la que declaramos No Ha Lugar a la *Solicitud urgente en auxilio de jurisdicción* y le concedimos a la recurrida hasta el 15 de abril de 2026 para que presentara su oposición a la expedición del auto de *certiorari* solicitado. A su vez, fue apercibida que de no comparecer procederemos a resolver sin el beneficio de su comparecencia.

En cumplimiento con nuestra *Resolución,* la señora Santiago Márquez radicó un *Alegato de la parte recurrida.*

El 17 de abril de 2026, remitimos una *Resolución* en la que *motu proprio* ordenamos la paralización de los procedimientos ante el foro primario hasta tanto resolviéramos la *Petición de certiorari* y el *Alegato de la parte recurrida.*

Con el beneficio de la comparecencia de las partes, procederemos a atender el recurso ante nos y dejamos sin efecto la paralización de los procedimientos.

---

[7] Entrada núm. 110 del caso núm. GM2023CV01009 en el SUMAC.

**II.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del

Reglamento del Tribunal de Apelaciones, Regla ___ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al.*, *supra*; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 97.

**B.**

El Art. 2 de la Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976 (Ley Núm. 80-1976), según enmendada, 29 LPRA sec. 185b, establece, en lo atinente, que:

> Se entenderá por justa causa para el despido de un empleado aquella que no esté motivada por razones legalmente prohibidas y que no sea producto del mero capricho del patrono. Además, se entenderá por justa causa aquellas razones que afecten el buen y normal funcionamiento de un establecimiento que incluyen, entre otras, las siguientes:

(a) Que el empleado incurra en un patrón de conducta impropia o desordenada.

(b) Que el empleado incurra en un patrón de desempeño deficiente, ineficiente, insatisfactorio, pobre, tardío o negligente. Esto incluye incumplir con normas y estándares de calidad y seguridad del patrono, baja productividad, falta de competencia o habilidad para realizar el trabajo a niveles razonables requeridos por el patrono y quejas repetidas de los clientes del patrono.

(c) Violación reiterada por el empleado de las reglas y reglamentos razonables establecidos para el funcionamiento del establecimiento siempre que copia escrita de los mismos se haya suministrado oportunamente al empleado.

(d) Cierre total, temporero o parcial de las operaciones del establecimiento. En aquellos casos en que el patrono posea más de una oficina, fábrica, sucursal o planta, el cierre total, temporero o parcial de las operaciones de cualquiera de estos establecimientos donde labora el empleado despedido, constituirá justa causa para el despido a tenor con este Artículo.

(e) Los cambios tecnológicos o de reorganización, así como los de estilo, diseño o naturaleza del producto que se produce o maneja por el establecimiento y los cambios en los servicios rendidos al público.

(f) Reducciones en empleo que se hacen necesarias debido a una reducción en el volumen de producción, ventas o ganancias, anticipadas o que prevalecen al ocurrir el despido o con el propósito de aumentar la competitividad o productividad del establecimiento.

[…]

La mencionada ley fue aprobada con el fin primordial de proteger "de una forma más efectiva el derecho del obrero puertorriqueño a la tenencia de su empleo mediante la aprobación de una ley que, a la vez que otorgue unos remedios más justicieros y consubstanciales con los daños causados por un despido injustificado, desaliente la incidencia de este tipo de despido". *Feliciano Martes* v. *Sheraton,* 182 DPR 368, 379 (2011). Encima, los empleados que se puedan beneficiar de esta ley tienen que ser de comercio, industria o cualquier otro negocio o sitio de empleo que: (1) estén contratados sin tiempo determinado; (2) reciban una remuneración, y (3) sean despedidos de su cargo sin que haya mediado justa causa. *Rivera Figueroa* v. *The Fuller Bush Co.*, 180 DPR 894, 906 (2001). Se define como justa causa para el despido la que tiene origen para el buen funcionamiento de la empresa y no al libre arbitrio del patrono. *Srio. del Trabajo* v. *I.T.T.,* 108 DPR 536, 542 (1979). Ahora bien, los patronos deben pagar

una mesada a los empleados que son despedidos sin justa causa. *SLG Zapata* v. *J.F Montalvo*, 189 DPR 414, 424 (2013). Todo despido que no fuese basado en una justa causa es considerado injustificado y en el cual el empleado recibe el beneficio de un remedio exclusivo. *Díaz* v. *Wyndham Hotel Corp.*, 155 DPR 364, 378 (2001). El patrono tiene el peso probatorio de demostrar que el despido fue uno justificado por medio de preponderancia de la prueba, de lo contrario se presume que fue injustificado. *Íd.,* pág. 388. Como cuestión de umbral, para que el empleado se beneficie de la presunción, esta se activa si: fue empleado de un comercio, industria u otro negocio; su contrato era por tiempo indeterminado; recibía remuneración por su trabajo, y que fue despedido de su puesto. *Rivera Figueroa* v. *The Fuller Bush Co.*, supra, pág. 907.

La Ley Núm. 80-1987, *supra,* no puede ser considerada un código de conducta que contenga una lista de faltas claramente definidas y la sanción que corresponda a cada una. *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.*, 209 DPR 759, 773 (2022), citando a *Srio. del Trabajo v. G.P. Inds., Inc.*, 153 DPR 223, 243 (2001). Los patronos, pueden aprobar reglamentos internos y normas de conducta en el lugar de trabajo que estimen necesarias y los empleados estarán sujetas a ellas, siempre que estos cumplan con un criterio de razonabilidad. *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.*, *supra*, pág. 773.

Sin embargo, la Ley Núm. 80-1967, *supra,* sufrió varias enmiendas ante la aprobación de la Ley de Transformación y Flexibilidad Laboral, Ley Núm. 4 de 26 de enero de 2017 (Ley Núm. 4-2017), según enmendada, 29 LPRA sec. 121, *et seq.* Una de las enmiendas aprobadas fue el orden de prueba puesto que se eliminó la frase que le imponía al patrono el peso de la prueba. *Íd.*, pág. 776. La citada ley, dispone que los empleados, previo a la vigencia de la ley, gozan de los derechos y obligaciones que tenían previamente. *Íd.*

Empero, la Ley Núm. 4-2017, *supra,* no contiene una frase la cual le impone el peso de la prueba al patrono. *Íd.* Así pues, la Ley Núm. 4-2017, *supra,* es aplicable de acuerdo con el momento de los hechos. *Íd.*, pág. 776. Ahora bien, la parte agraviada tiene tres (3) años a partir del despido para instar una acción bajo la Ley Núm. 80-1976, *supra* sec. 185l. Sin embargo, si una parte presenta ante la Unidad Antidiscrimen una querella, esta tiene el efecto de interrumpir el término prescriptivo bajo la citada ley si se remite una reclamación extrajudicial que cumpla con los siguientes requisitos: (1) si fue oportuna (la reclamación ocurrió dentro del término prescriptivo de tres (3) años que dispone la Ley 80); (2) si fue realizada por una persona con legitimación; (3) si el medio utilizado fue idóneo, y finalmente, (4) si existía identidad entre el derecho reclamado y el afectado por la prescripción. *Díaz Santiago v. International Textiles*, 195 DPR 862, 876 (2016). No obstante, el presentar una querella ante la Unidad Antidiscrimen no tiene el efecto de congelar el término prescriptivo para solicitar remedios al amparo de la Ley Núm. 80-1967, *supra. Díaz Santiago v. International Textiles*, *supra,* pág. 878. El empleado tiene que realizar actos que interrumpan la prescripción para poder preservar sus derechos. *Díaz Santiago v. International Textiles*, *supra,* pág. 879.

En lo pertinente a la controversia ante nos, la *Ley Antidiscrimen de Puerto Rico,* Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA sec. 146 *et. seq*, establece que,

> Todo patrono que, "despida, suspenda o discrimine contra un empleado suyo en relación a su sueldo, salario, jornal o compensación, términos, categorías, condiciones o privilegios de su trabajo, o que deje de emplear o rehúse emplear o reemplear a una persona, o limite o clasifique sus empleados en cualquier forma que tienda a privar a una persona de oportunidades de empleo o que afecten su status de empleado, por razón de edad, según ésta se define más adelante, raza, color, sexo, orientación sexual, identidad de género, origen social o nacional, condición social, afiliación política, o ideas políticas o religiosas, o por ser víctima o ser percibida como víctima de violencia doméstica, agresión sexual o acecho, o por ser militar, ex-militar, servir o haber

servido en las Fuerzas Armadas de los Estados Unidos o por ostentar la condición de veterano del empleado o solicitante de empleo, o por tener peinados protectores y texturas de cabello que regularmente se asocian con identidades de raza y origen nacional particulares

Con ello, un empleado tiene el término de tres (3) años para instar una acción sobre discrimen. *supra* sec. 150. Ante ello, de una parte, acudir a la Unidad Antidiscrimen el término prescriptivo queda debidamente interrumpido y congelado en virtud de la Ley Núm. 100-1959, *supra*. *Díaz Santiago v. International Textiles*, *supra*, pág. 880.

En otros términos, la Ley Núm. 2-1961, tiene como propósito principal proveerle al obrero un mecanismo procesal expedito que facilite y acelere el trámite de sus reclamaciones laborales. *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 928 (1996). El procedimiento sumario "es el recurso principal 'para la implantación de la política pública del Estado de proteger el empleo, desalentando el despido sin justa causa y proveyendo al obrero así despedido los medios económicos para la subsistencia de éste y de su familia, en la etapa de transición entre empleos". *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 732 (2016), (citando a *Rivera v. Insular Wire Products*, *supra*, pág. 923). Véase, además, *Izagas Santos v. Family Drug Center*, 182 DPR 463, 480 (2011). A su vez, el Tribunal Supremo ha expresado que la Ley Núm. 2-1961, *supra*, provee un procedimiento expedito para lograr los propósitos de proteger el empleo, desalentar el despido sin justa causa y proveerle al empleado despedido los remedios económicos para su subsistencia mientras obtiene un nuevo empleo. *Ocasio v. Kelly Servs, et al*, 163 DPR 653, 666 (2005).

### C.

La Regla 6.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.3 establece una lista no taxativa de defensas afirmativas que una parte debe esbozar cuando presenta una alegación responsiva.

Regla 6.3 de Procedimiento Civil, *supra,* R. 6.3; *Rio Mar Community Association, Inc. V. Mayol Bianchi,* 208 DPR 100, 109-110 (2021). Estas deben "plantearse de forma clara, expresa y específica al responder a una alegación o se tendrán por renunciadas, salvo la parte advenga en conocimiento de la existencia de esta durante el descubrimiento de prueba, en cuyo caso deberá hacer la enmienda a la alegación pertinente." Regla 6.3 de Procedimiento Civil, *supra,* R. 6.3. Si la defensa no se expone con suficiente especificidad, de forma general y sin fundamentos, tiene el efecto de tomarse como renunciadas e impiden que no se puedan presentar posteriormente. *Rio Mar Community Association, Inc. V. Mayol Bianchi, supra,* pág. 110. Las defensas afirmativas son "materia de naturaleza sustantiva y/o materia constitutiva de excusa, por la cual la parte demandada no debe responder a las reclamaciones en su contra". *Rio Mar Community Association, Inc. V. Mayol Bianchi, supra,* pág. 110 citando a: *Presidential v. Transcaribe,* 186 DPR 263, 280 (2012). El propósito de las defensas afirmativas es evitar que el reclamo de la otra parte prospere. *Bacardí Corp. v. Torres Arroyo,* 202 DPR 1014, 1023 (2019).

**D.**

Cuando una parte quiera presentar una acción conforme la *Ley contra el Despido Injusto o Represalias a todo empleado por ofrecer testimonio ante un foro legislativo, administrativo o judicial,* Ley Núm. 115-1991, según enmendada, 29 LPRA sec. 194 (Ley Núm. 115-1991) el empleado tiene dos vías probatorias para demostrar su caso, los cuales son: la directa o la indirecta. *Rivera Menéndez v. Action Service,* 185 DPR 431, 445 (2012). En la vía directa, el demandante tiene que demostrar mediante evidencia directa o circunstancial en la que demuestre un nexo causal entre la conducta del demandado y el alegado daño sufrido. *Rivera Menéndez v. Action Service, supra,* pág. 445. Por otro lado, en la vía

indirecta, el empleado tiene que evidenciar *prima facie* la represalia a traves de prueba que muestre que: "(1) participó en una actividad protegida por la Ley Núm. 115 y (2) que fue subsiguientemente despedido, amenazado o discriminado en su contra por su patrono (nexo causal)". *Rivera Menéndez v. Action Service, supra,* pág. 445. Al amparo del Art. 2 de la Ley Núm. 115-1991, *supra* sec. 194b un empleado tiene el término de tres (3) años para radicar una acción conforme al citado estatuto. La Ley Núm. 115-1991, *supra,* provee protección contra represalias por llevar a cabo actividades protegidas, la cual es brindar información a los foros esbozados en el estatuto. *Rivera Figueroa v. Autoridad de Acueductos y Alcantarillados de Puerto Rico,* 177 DPR 345, 368 (2009). El Art. 2 (a) de la Ley Núm. 115-1991, supra sec. 194b, define actividad protegida como aquella que un empleado "ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, expresión o información que ofrezca o intente ofrecer, verbalmente o por escrito, en los procedimientos internos establecidos de la empresa, o ante cualquier empleado o representante en una posición de autoridad, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley". *supra* sec. 194b. No obstante, el citado estatuto no protege a un empleado contra acciones disciplinarias por la forma en que ejecuta las funciones de sus puestos. *Rivera Figueroa v. Autoridad de Acueductos y Alcantarillados de Puerto Rico, supra,* pág. 367.

**III.**

Luego de un examen sosegado del expediente ante nos, y en correcta práctica apelativa, colegimos que no debemos abstenemos de ejercer nuestra función revisora y, de intervenir con la determinación del foro primario. Veamos.

En el primer señalamiento de error, la parte peticionaria alegó que, el TPI erró en concluir que renunció a la defensa afirmativa de prescripción pese a que fue debidamente expresada en la *Contestación a la querella.*

A tenor con el marco jurídico expuesto, un demandado ostenta el derecho de presentar una alegación responsiva en la que negará o admitirá las alegaciones en su contra. Regla 6.2 de Procedimiento Civil*, supra,* R. 6.2. Las alegaciones responsivas deberán esbozarse de forma clara, específica y expresa. Regla 6.3 de Procedimiento Civil*, supra,* R. 6.3. Con ello, las alegaciones deben exponerse en la alegación responsiva, de lo contrario, se entenderán renunciadas. Regla 6.3 de Procedimiento Civil*, supra,* R. 6.3.

Resulta pertinente resaltar que, la parte peticionaria trae a nuestra atención el caso de *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043 (2020), en la que argumenta que, debemos resolver conforme a lo resuelto en el citado caso. No obstante, en la citada jurisprudencia, el Tribunal Supremo resolvió que, cuando una parte presenta una Moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil*, supra,* previo a una alegación responsiva, no está obligada a exponer las defensas afirmativas ante la naturaleza para la que fue creada la Regla 10.2 de Procedimiento Civil*, supra,* R. 10.2. Empero, en el recurso ante nuestra consideración, los hechos son distintos a *Conde Cruz v. Resto Rodríguez, supra,* toda vez que, presentada la *Querella,* la parte peticionaria instó una *Contestación a la querella* y no una *Moción de desestimación* bajo la Regla 10.2 de Procedimiento Civil*, supra.* Es decir, el análisis resuelto en *Conde Cruz v. Resto Rodríguez, supra,* no es aplicable en su totalidad, a los hechos de este caso debido a que la parte peticionaria, posterior a la presentación de la *Querella,* radicó en respuesta una *Contestación a la querella* y no una moción de desestimación.

Ahora bien, contrario a lo resuelto por el foro primario, la parte peticionaria no renunció de forma tácita la defensa afirmativa de prescripción. Ello, toda vez que, la parte peticionaria levantó en su *Contestación a la querella* la defensa de prescripción. Además, la parte peticionaria formuló en la referida contestación que la causa de acción estaba parcial o totalmente prescrita. Ciertamente, la parte peticionaria no renunció de forma tácita a la defensa de prescripción puesto que surge palmariamente de la *Contestación a la querella* que la parte peticionaria la presentó. Consecuentemente, diferimos del foro primario y resolvemos que, la parte peticionaria no renunció tácitamente a la defensa afirmativa de prescripción.

Con respecto al segundo señalamiento de error, la parte peticionaria argumentó que, el foro primario debió desestimar la causa de acción sobre despido injustificado y discrimen puesto que estaba prescrita.

Conforme las normas jurídicas pormenorizadas, el Art. 2 de la Ley Núm. 80-1976, *supra*, establece una lista sobre las circunstancias en que un patrono puede despedir justificadamente a un empleado. Es sabido que, para que un patrono despida a un empleado no puede ser por mero capricho y el mismo debe ser por asuntos que afecten el funcionamiento de la empresa. Como corolario de lo anterior, los empleados que fueron contratados previo a la aprobación de la Ley Núm. 4-2017, *supra*, mantuvieron los derechos y obligaciones laborales. Con ello, si bien es cierto que un patrono puede despedir en ciertas circunstancias a un empleado, actualmente le corresponde al empleado el peso probatorio de demostrar que fue despedido injustificadamente. Un empleado tiene él término prescriptivo de tres (3) años para instar una acción bajo la Ley Núm. 80-1967, *supra* sec. 185d. Igualmente, un empleado tiene el término de tres (3) años para radicar una acción conforme al Art. 2 de la Ley Núm. 115-1991, *supra* sec. 194b.

Por otro lado, cuando una parte alega que su patrono incurrió en un patrón de discrimen, un empleado ostenta el derecho de acudir a la Unidad Antidiscrimen, dentro del término de un año, en aras de presentar una querella para que el ente administrativo atienda la controversia. Art. 5 de la Ley Núm. 100-1959, *supra* sec. 150. Dicho término produce el efecto de congelar e interrumpir el término prescriptivo con relación a una causa de acción al amparo de la Ley Núm. 100-1959, *supra*.[8] Conviene señalar que, cuando un empleado presenta una querella ante la Unidad Antidiscrimen en la que argumenta que hubo discrimen por parte del patrono y alega que fue despedido injustificadamente en virtud de lo dispuesto en la Ley Núm. 80-1967, *supra*, el empleado debe cursar reclamaciones extrajudiciales en aras de interrumpir el término prescriptivo con relación a la Ley Núm. 80-1967, *supra. Díaz Santiago v. International Textiles*, *supra*, pág. 879.

Al respecto, el **14 de febrero de 2019**, mientras laboraba para la parte peticionaria, la recurrida presentó una *Querella* ante la Unidad Antidiscrimen. En esa línea, el 6 de mayo de 2019, cesó de laborar para la parte peticionaria ante un *warning* por alegadas ausencias injustificadas durante su embarazo, el cual dio lugar a que esta fuera despedida. Nuevamente, el **5 de noviembre de 2019**, la señora Santiago Márquez radicó una *Querella* ante la Unidad Antidiscrimen en la que argumentó que fue despedida por razón de embarazo. No obstante, tras diversos procesos ante la Unidad Antidiscrimen, esta solicitó poder litigar el caso ante un foro judicial. Así, el 13 de diciembre de 2022, **notificada el 19 de diciembre de 2022**, la Unidad Antidiscrimen autorizó a la señora Santiago Márquez a poder presentar un pleito ante un foro judicial. A esos fines, el **13 de diciembre de 2023**, la recurrida radicó una *Querella* en el foro primario. Ante este cuadro, la recurrida cumplió en radicar

---

[8] *Díaz Santiago v. International Textiles*, *supra*.

la causa de acción dentro del término prescriptivo de un (1) año en virtud de lo establecido en la Ley Núm. 100-1959, *supra*, sec. 185d. Sin embargo, con respecto a la causa de acción sobre la Ley Núm. 80-1967, *supra*, la recurrida no instó la *Querella* dentro del término prescriptivo de tres (3) años que establece el citado estatuto. Tampoco, la recurrida presentó una *Querella* a tenor con el término prescriptivo de tres (3) años que establece la Ley Núm. 115-1991, *supra*. Bajo el crisol doctrinario de *Díaz Santiago v. International Textiles*, *supra*, el presentar una *Querella* ante la Unidad Antidiscrimen no produjo el efecto de interrumpir el término prescriptivo y, por tanto, prescribió la causa de acción con relación al citado estatuto. Además, la recurrida no continuó cursando reclamaciones extrajudiciales con tal de interrumpir el término prescriptivo para poder instar una acción en virtud de la Ley Núm. 80-1967, *supra* y la Ley Núm. 115-1991, *supra*. Atisbamos que, la recurrida debió continuar interrumpiendo extrajudicialmente en aras de mantener una causa de acción al amparo de la Ley Núm. 80-1967, *supra*. *Díaz Santiago v. International Textiles*, *supra*, pág. 878. Por tanto, la señora Santiago Márquez interrumpió el término prescriptivo con relación a la Ley Núm. 100-1959, *supra*, no obstante, no lo realizó con respecto a la Ley Núm. 80-1967, *supra* y la Ley Núm. 115-1991, *supra*.

A la luz de lo esbozado, expedimos el auto de *certiorari* solicitado a los fines de revocar, en parte, la *Resolución* recurrida. Así las cosas, dado que la causa de acción al amparo de la Ley Núm. 80-1967, *supra*, y Ley Núm. 115-1991, *supra*, no fueron presentadas dentro del término prescriptivo establecido, están prescritas. Así modificada, se mantiene la causa de acción bajo la Ley Núm. 100-1959, *supra*.

**IV.**

Por los fundamentos que anteceden, expedimos el auto de *certiorari* solicitado a los fines de desestimar la causa de acción de la Ley Núm. 80-1967, *supra*, y la Ley Núm. 115-1991, *supra*, por estar prescritas. Así modificada, se confirma lo demás.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones